## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

IN RE: ZANTAC (RANITIDINE)                                 MDL NO 2924
PRODUCTS LIABILITY                                         20-MD-2924
LITIGATION

                                                 JUDGE ROBIN L ROSENBERG
                                        MAGISTRATE JUDGE BRUCE REINHART

_____/

THIS DOCUMENT RELATES TO:                         JURY TRIAL DEMANDED
 Daniel Munt
(Plaintiff Name(s))

## SHORT-FORM COMPLAINT

The Plaintiff(s) named below, by counsel, file(s) this Short Form Complaint against Defendants named below. Plaintiff(s) incorporate(s) by reference the allegations contained in the Master Personal Injury Complaint ("MPIC") in *In re: Zantac (Ranitidine) Products Lability Litigation,* MDL No. 2924 (S.D. Fla). Plaintiff(s) file(s) this Short-Form Complaint as permitted by Pretrial Order No. 31.

Plaintiff(s) select(s) and indicate(s) by completing where requested, the Parties and Causes of Actions specific to this case. Where certain claims require additional pleading or case specific facts and individual information, Plaintiff(s) shall add and include them herein.

Plaintiff(s), by counsel, allege as follows:

### I.       PARTIES, JURISDICTION, AND VENUE

**A. PLAINTIFF(S)**

1.   Plaintiff(s)  Daniel Munt          ("Plaintiff(s)") brings this action (check the applicable designation):

☑   On behalf of [*himself/herself*];

☐   In representative capacity as the _____, on behalf of the injured party, (Injured Party's Name) Daniel Munt          .

2.      Injured Party is currently a resident and citizen of (City, State) <u>Orlando, Florida</u> and claims damages as set forth below.

—OR—

Decedent died on (Month, Day, Year) _____.  At the time of Decedent's death, Decedent was a resident and citizen of (City, State) _____.

If any party claims loss of consortium,

3.      _____ ("Consortium Plaintiff") alleges damages for loss of consortium.

4.      At the time of the filing of this Short Form Complaint, Consortium Plaintiff is a citizen and resident of (City, State) _____.

5.      At the time the alleged injury occurred, Consortium Plaintiff resided in (City, State) _____.

## B.  DEFENDANT(S)

6.      Plaintiff(s) name(s) the following Defendants from the Master Personal Injury Complaint in this action:

### a.  Brand Manufacturers:

Boehringer Ingelheim Pharmaceuticals, Inc., Boehringer Ingelheim International GmbH (Germany), Boehringer Ingelheim Corporation, Boehringer Ingelheim USA Corporation, Boehringer Ingelheim Promeco, S.A. de C.V. (Mexico), Sanofi S.A. (France), Sanofi-Aventis U.S. LLC, Sanofi US Services Inc., Patheon Manufacturing Services LLC

**b. Generic Manufacturers:**

Apotex Inc. (Canada); Apotex Corporation; Aurobindo Pharma, Ltd. (India); Aurobindo Pharma USA, Inc.; Auro Health LLC; Dr. Reddy's Laboratories SA (Switzerland); Dr. Reddy's Laboratories Inc.; Dr. Reddy's Laboratories, Ltd. (India); Perrigo Company, plc (Ireland); L. Perrigo Co.; Perrigo Company; Perrigo Research & Development Company; Strides Pharma, Inc.; Ranbaxy Inc.; Sun Pharmaceutical Industries, Inc., f/k/a Ranbaxy Pharmaceuticals Inc.; Sun Pharmaceutical Industries Ltd. (India); Wockhardt, Ltd. (India); Wockhardt USA LLC; Wockhardt USA, Inc.

**c. Distributors:**

AmerisourceBergen Corporation; Cardinal Health, Inc.; Chattem, Inc., McKesson Corporation

**d. Retailers:**

**e. Repackagers:**

Geri-Care Pharmaceuticals, Corp.

**f. Others Not Named in the MPIC:**

**C. JURISDICTION AND VENUE**

7.  Identify the Federal District Court in which Plaintiff(s) would have filed this action in the absence of Pretrial Order No. 11 (direct filing) [or, if applicable, the District Court to which their original action was removed]:

    Florida Middle District Court

8.  Jurisdiction is proper upon diversity of citizenship.


## II.   PRODUCT USE

9.  The Injured Party used Zantac and/or generic ranitidine: [*Check all that apply*]

    ☐   By prescription

    ☑   Over the counter

10. The Injured Party used Zantac and/or generic ranitidine from approximately (month, year) _____2013_____ to _____2017_____.


## III.   PHYSICAL INJURY

11. As a result of the Injured Party's use of the medications specified above, [*he/she*] was diagnosed with the following specific type of cancer (check all that apply):

| Check all that apply | Cancer Type | Approximate Date of Diagnosis |
|---|---|---|
| | BLADDER CANCER | |
| | BRAIN CANCER | |
| | BREAST CANCER | |
| | COLORECTAL CANCER | |
| | ESOPHAGEAL/THROAT/NASAL CANCER | |
| | INTESTINAL CANCER | |
| ✓ | KIDNEY CANCER | 2017 |
| | LIVER CANCER | |
| | LUNG CANCER | |
| | OVARIAN CANCER | |
| | PANCREATIC CANCER | |
| | PROSTATE CANCER | |
| | STOMACH CANCER | |

| | TESTICULAR CANCER | |
|---|---|---|
| | THYROID CANCER | |
| | UTERINE CANCER | |
| | OTHER CANCER: _____ | |
| | DEATH (CAUSED BY CANCER) | |

12.     Defendants, by their actions or inactions, proximately caused the injuries to Plaintiff(s).

### IV.     CAUSES OF ACTION ASSERTED

13.     The following Causes of Action asserted in the Master Personal Injury Complaint are asserted against the specified defendants in each class of Defendants enumerated therein, and the allegations with regard thereto are adopted in this Short Form Complaint by reference.

| Check if Applicable | COUNT | Cause of Action |
|---|---|---|
| ✔ | I | STRICT PRODUCTS LIABILITY – FAILURE TO WARN |
| ✔ | II | STRICT PRODUCTS LIABILITY – DESIGN DEFECT |
| ✔ | III | STRICT PRODUCTS LIABILITY – MANUFACTURING DEFECT |
| ✔ | IV | NEGLIGENCE – FAILURE TO WARN |
| ✔ | V | NEGLIGENT PRODUCT DESIGN |
| ✔ | VI | NEGLIGENT MANUFACTURING |
| ✔ | VII | GENERAL NEGLIGENCE |
| ✔ | VIII | NEGLIGENT MISREPRESENTATION |
| ✔ | IX | BREACH OF EXPRESS WARRANTIES |
| ✔ | X | BREACH OF IMPLIED WARRANTIES |
| ✔ | XI | VIOLATION OF CONSUMER PROTECTION AND DECEPTIVE TRADE PRACTICES LAWS and specify the state's statute below:<br> Florida Deceptive & Unfair Trade Practices Act [§§501.201, et seq.] |

| Check if Applicable | COUNT | Cause of Action |
|---|---|---|
| | | |
| ✓ | XII | UNJUST ENRICHMENT |
| | XIII | LOSS OF CONSORTIUM |
| | XIV | SURVIVAL ACTION |
| | XV | WRONGFUL DEATH |
| | XVI | OTHER: |
| | XVII | OTHER: |

If Count XVI or Count XVII is alleged, additional facts supporting the claim(s):

_____

_____

_____

## V.   JURY DEMAND

14.    Plaintiff(s) hereby demand(s) a trial by jury as to all claims in this action.

## VI.   PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff(s) has/have been damaged as a result of Defendants' actions or inactions and demand(s) judgment against Defendants on each of the above-referenced causes of action, jointly and severally to the full extent available in law or equity, as requested in the Master Personal Injury Complaint.

By: */s/ Lawana S. Wichman*
Lawana S. Wichman, #53999-MO
James G. Onder, #38049-MO
Onder Law, LLC
110 E. Lockwood, 2nd Floor
St. Louis, MO 63119
(314) 963-9000 Telephone
(314) 963-1700 Facsimile
onder@onderlaw.com
wichmann@onderlaw.com